AO 442 (Rev. 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT
WESTERN District of VIRGINIA

UNITED STATES OF AMERICA
v.
REGINALD PHILLIP WHITE

**WARRANT FOR ARREST**

Case Number: 5:08mj00016

08-273M

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest  REGINALD PHILLIP WHITE
                                      Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice

charging him or her with (brief description of offense)

Conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base.

**FILED**
APR 2 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

in violation of Title  21  United States Code, Section(s)  846

Honorable James G. Welsh
Name of Issuing Officer

[signature]
Signature of Issuing Officer

U.S. Magistrate Judge
Title of Issuing Officer

2-13-2008, Harrisonburg, VA
Date and Location

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at

Reginald Phillip White

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| 4/21/08 | DUSM Kevin M. Krcener | [signature] Ken Krcener |
| DATE OF ARREST 4/21/08 | | |

08-273-M-00

OAO91 (Rev. 12/03) Criminal Complaint

# UNITED STATES DISTRICT COURT

WESTERN    DISTRICT OF    VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
MAR 1 3 2008
JOHN F. CORCORAN, CLERK
BY: R. Bauserman
DEPUTY CLERK

UNITED STATES OF AMERICA
V.
REGINALD PHILLIP WHITE

**FILED**  CRIMINAL COMPLAINT

APR 2 1 2008   Case Number: 5:08mj00016

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __January-March, 2008__ in __Federick__ County, in the __Western__ District of __Virginia__ defendant(s) did,

(Track Statutory Language of Offense)
Conspire to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base.

in violation of Title __21__ United States Code, Section(s) __846__.

I further state that I am a(n) __DEA Special Agent__ and that this complaint is based on the following facts:

   See attached Affidavit

Continued on the attached sheet and made a part of this complaint:  ☒ Yes  ☐ No

_____
Signature of Complainant

SA J. Brian Padgett
Printed Name of Complainant

Sworn to before me and signed in my presence,

__3-13-2008__              at  __Harrisonburg__, __VA__
Date                           City              State

__JAMES G. WELSH__, __USMJ__      _____
Name of Judge         Title of Judge        Signature of Judge

08-273-M-00

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Harrisonburg, Virginia

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 1 3 2008

JOHN F. CORCORAN, CLERK
BY: K. Bauserman
DEPUTY CLERK

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CASE NO. 5:08mj00016 |
| | ) | |
| Reginald Phillip WHITE | ) | |

### AFFIDAVIT

I, J. Brian Padgett, being duly sworn, depose and state as follows:

1. I have been a Special Agent with the United States Drug Enforcement Administration (DEA) since August 1998. Prior to my employment with DEA, I was employed as a police officer with the Cobb County Police Department in Marietta, Georgia for approximately 5 years. I am currently assigned to Enforcement Group 44, Winchester Post of Duty, of the DEA Washington Division Office. I have received training in all areas of narcotics investigations including search and seizure laws and statutes pertaining to enforcement of the Controlled Substances Act. Since becoming a law enforcement officer, I have either conducted or assisted other law enforcement officers in conducting numerous narcotics investigations that have resulted in the arrest and conviction of numerous individuals.

2. This affidavit is submitted in support of a **criminal complaint and arrest warrant** charging Reginald Phillip WHITE with conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. ss 846.



3. The facts and information contained in this affidavit are based upon my personal knowledge as well as the observations of other law enforcement officers involved in this investigation. All observations that were not personally made by me were related to me by the persons who made such observations. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or known to the government.

4. For purposes of this affidavit, "controlled" is defined as an event that is approved and supervised by law enforcement personnel.

5. On January 25, 2008 Northwest Virginia Regional Drug Task Force (NWVRDTF) SA Carl Voskamp and DEA SA J. Brian Padgett interviewed a NWVRDTF Cooperating Witness, hereafter referred to as the CW, regarding Christopher LANCASTER. The CW was providing information in exchange for consideration for pending criminal charges involving a third party. The CW said Christopher LANCASTER sold cocaine base, commonly referred to crack cocaine, cocaine hydrochloride (Hcl), and heroin. The CW said LANCASTER had a source of supply for crack cocaine and cocaine Hcl in Washington, DC named Reggie WHITE. The CW said WHITE worked at the Smithsonian Museum of Natural History and that LANCASTER would meet WHITE on the street in front of the Smithsonian to obtain the drugs. The CW said WHITE lived somewhere in Temple Hills, MD.

6. On January 30, 2008 NWVRDTF Lt. Mike Danielson, acting in an undercover capacity, met with LANCASTER in the parking lot of the McDonalds Restaurant, located at 1131 Aylor Road in Stephens City, VA. During this meeting, Lt. Danielson made a controlled purchase of suspected crack cocaine from LANCASTER for $650. The suspected crack cocaine was analyzed by the DEA



Mid-Atlantic Laboratory and was found to contain 10.7 net grams of a mixture containing a detectable amount of cocaine base.

7. Between February 04, 2008 and February 06, 2008 Lt. Danielson made three (3) controlled telephone calls to LANCASTER. During these calls Lt. Danielson arranged to make another purchase of crack cocaine from LANCASTER on February 06, 2008.

8. On February 06, 2008 Lt. Danielson met with LANCASTER in the parking lot of the same McDonalds Restaurant in Stephens City, VA. During the meeting Lt. Danielson purchased suspected crack cocaine from LANCASTER for $650. The suspected crack cocaine was analyzed by the DEA Mid-Atlantic Laboratory and was found to contain 11.5 net grams of a mixture containing a detectable amount of cocaine base.

9. On February 11, 2008 NWVRDTF SA Jay Perry, along with NWVRDTF SA Voskamp and DEA SA Padgett, interviewed the CW in Winchester, VA. The CW said LANCASTER was obtaining cocaine Hcl and/or crack cocaine from WHITE at least every other day. During the interview SA Padgett showed the CW a Virginia Department of Motor Vehicles (DMV) photograph of Reginald Phillip WHITE. No identifying information was visible for the CW to see, only the photograph. The CW immediately recognized the person in the photograph as LANCASTER's source of supply.

10. Between February 12, 2008 and February 14, 2008 Lt. Danielson made four (4) controlled telephone calls to LANCASTER. During these calls Lt. Danielson arranged to make another purchase of crack cocaine from LANCASTER on February 14, 2008.



11. Following the fourth controlled telephone call between Lt. Danielson and LANCASTER, SA Voskamp received information that LANCASTER was preparing to travel to the Smithsonian to purchase crack cocaine from WHITE that would ultimately be sold to Lt. Danielson in Virginia.

12. Surveillance units followed the vehicle that LANCASTER occupied and observed it park in a parking space in front of the Smithsonian Museum of Natural History on Constitution Avenue in Washington, DC. Once at the Smithsonian, DEA SA Paul Maloney, who was inside the Smithsonian, observed WHITE exit and walk toward Constitution Avenue. A few moments later, DEA SA Ken Rosel observed WHITE walk to the vehicle that LANCASTER was in and get into the rear passenger seat. A few moments later, SA Rosel observed WHITE exit the vehicle and go back inside the Smithsonian. Once back inside, SA Maloney observed WHITE walk through a door marked employees only. Surveillance units then followed the vehicle back to LANCASTER's residence, located at 119 Fredericktowne Drive, Stephens City, VA. Once back at the residence, surveillance units observed LANCASTER go inside.

13. Approximately twenty (20) minutes later, surveillance units observed LANCASTER exit his residence and get into his vehicle. Surveillance units followed LANCASTER to the McDonalds in Stephens City where he met with Lt. Danielson. During the meeting Lt. Danielson purchased suspected crack cocaine from LANCASTER for $1200. The suspected crack cocaine was analyzed by the DEA Mid-Atlantic Laboratory and was found to contain 18.7 net grams of a mixture containing a detectable amount of cocaine base.

14. On February 15, 2008 DEA SA Padgett, along with NWVRDTF SA's Perry and Voskamp, interviewed the CW in Winchester, VA. The CW said LANCASTER obtained two (2) ounces of crack cocaine and a half (1/2) ounce of cocaine Hcl from



WHITE the previous day. The CW said LANCASTER paid WHITE $1050 per ounce. The CW said WHITE's cellular telephone number was (202) 215-8949.

15. On February 21, 2008 SA Padgett served a DEA Administrative Subpoena to Cingular Wireless requesting subscriber and other information for cellular telephone number (202) 215-8949. SA Padgett later received a response from Cingular Wireless that said that number was subscribed to Reginald Phillip WHITE and had been since April 2001.

16. Between February 26, 2008 and February 27, 2008 Lt. Danielson made three (3) controlled telephone calls to LANCASTER. During these calls Lt. Danielson arranged to make another purchase of crack cocaine from LANCASTER on February 27, 2008.

17. On February 27, 2008 Lt. Danielson met with LANCASTER in the parking lot of the same McDonalds Restaurant in Stephens City, VA. During the meeting Lt. Danielson purchased suspected crack cocaine from LANCASTER for $1120. The suspected crack cocaine was analyzed by the DEA Mid-Atlantic Laboratory and was found to contain 24.9 net grams of a mixture containing a detectable amount of cocaine base.

18. On March 11, 2008 Lt. Danielson made a controlled telephone call to LANCASTER and arranged to make another purchase of crack cocaine on March 12, 2008. During the conversation LANCASTER indicated that he would pick up the crack cocaine during the morning of March 12, 2008.

19. On March 12, 2008 surveillance was established at the Smithsonian Museum of Natural History. During the surveillance, units observed a vehicle registered to LANCASTER's girlfriend Stephanie SPENCER arrive and park in a parking space on Constitution Avenue just outside the Smithsonian. Surveillance units observed



that LANCASTER was driving and SPENCER was in the front passenger seat. Surveillance units observed both LANCASTER and SPENCER go inside the Smithsonian where LANCASTER was observed meeting with WHITE.

20. Surveillance units then followed LANCASTER and SPENCER back to Virginia. When LANCASTER and SPENCER got into the vicinity of Berryville, VA their vehicle was stopped for a traffic violation by a uniformed Clark County Sheriff's Department K-9 unit. During the traffic stop, the K-9 gave a positive alert to the presence of narcotics in the vehicle. A subsequent search resulted in the seizure of a small amount of suspected cocaine Hcl from SPENCER's person. LANCASTER and SPENCER were then transported to the Clark County Sheriff's Department for further investigation.

21. At the Clark County Sheriff's Department, LANCASTER and SPENCER were advised of their Constitutional Rights and both agreed to cooperate with agents. SPENCER advised agents that she was concealing drugs inside of her body. With the assistance of a Clark County Sheriff's Department female employee, an amount of suspected crack cocaine and cocaine Hcl was recovered from SPENCER's person. LANCASTER and SPENCER both said they had just obtained the suspected crack cocaine and cocaine Hcl from Reggie WHITE at the Smithsonian Museum of Natural History. LANCASTER said that he was planning to sell the suspected crack cocaine to Lt. Danielson later in the day.

22. Lancaster told agents that he had been purchasing cocaine Hcl and/or crack cocaine from WHITE every day since mid-January, 2008. LANCASTER told agents that he had obtained all of the crack cocaine that he had sold to Lt. Danielson from WHITE. LANCASTER told agents that WHITE's cellular telephone number was (202) 215-8949. LANCASTER told agents that SPENCER had accompanied him during the



majority of the transactions he had with WHITE and that she knew he was purchasing crack cocaine and/or cocaine Hcl. SPENCER told agents that she was with LANCASTER during the majority of his transactions with WHITE and that she knew he was obtaining crack cocaine and/or cocaine Hcl.

23. All of the above undercover purchases between Lt. Danielson and LANCASTER occurred within the Western District of Virginia.

24. Based on foregoing facts, there is probable cause to believe that from January 2008 until March 2008, within the Western District of Virginia, Reginald Phillip WHITE did unlawfully, and intentionally conspire with others to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21 U.S.C. ss 846.

J. Brian Padgett
Special Agent
Drug Enforcement Administration

SWORN AND SUBSRIBED TO
BEFORE ME THIS 13th DAY
OF MARCH 2008

UNITED STATES MAGISTRATE JUDGE
Harrisonburg, Virginia

** TOTAL PAGE.09 **