UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, :
:
v. :
: 08-273-M-01
REGINALD PHILLIP WHITE :
:
Defendant. :

## MOTION FOR EMERGENCY REVIEW AND APPEAL OF RELEASE ORDERS

***COMES NOW***, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully to move this Court to hear an appeal for review of the Magistrate Judge's decision to release the defendant pending removal to the Western District of Virginia. The record shows that no condition nor combination of conditions for defendants' release can reasonably assure the safety of the community. Thus, we ask the Court to hold defendant without bail pending removal and arraignment in the United States District Court for the Western District of Virginia. In support whereof, we submit as follows:

### BACKGROUND

1. The defendant was indicted together with two co-defendants in a narcotics trafficking case. He is charged with Conspiracy to Distribute 50 grams or more of cocaine base in violation of 18 U.S.C. § 846. If convicted he faces a mandatory minimum sentence of ten years imprisonment.

2. Upon his arrival in the United States District Court for the Western District of Virginia, upon motion of the government, the defendant will be subject to pre-trial detention pursuant to 18 U.S.C. § 3142(f). Pursuant to § 3142(e) there is a rebuttable presumption that no condition or combination of conditions will assure the safety of the community if he is released.

3. Based on the sworn affidavit, Philip White supplied Christopher Lancaster with more than 50 grams of cocaine base (crack) over a three month period between mid-January 2008, and mid-March 2008.

4. The defendant was arrested on April 18, 2008 in the District of Columbia on a warrant issued by a Magistrate Judge James Welsh in the United States District Court for the Western District of Virginia.  His initial appearance was in the Superior Court for the District of Columbia on April 19, 2007, at which time the Honorable Herbert Dixon, Associate Judge of the Superior Court, ordered that the defendant be held without bond pending his appearance before a Magistrate Judge of this court on April 21, 2008.

5. On April 21, 2008, the defendant appeared before the Honorable Deborah A. Robinson. Government counsel represented that the defendant had been indicted, but did not have a copy of the indictment to present to the Court. In the absence of documentation that the defendant had been indicted, Magistrate Judge Robinson proceeded on the basis that the defendant had been charged by complaint. She denied the government's request that he be detained pending further proceedings on the ground that he had been held for three days since his arrest.

**ARGUMENT**

6. This Court should overturn the decision to release defendants and order them held without bail instead.  When detention has been denied, 18 U.S.C. § 3145(a) states:

> (a) Review of a release order – If a person is ordered released by a magis-
> trate, . . .
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . .

2

The motion shall be determined promptly.

7. On the government's motion to appeal a release order, this Court considers *de novo* the Magistrate Judge's denial of pre-trial detention. In its discretion, the Court may proceed to rehear the evidence by recalling the witnesses, reviewing transcripts, or by proceeding through proffer and argument. It may take additional evidence from new witnesses or consider arguments not raised previously. In short, the Court may proceed in the way that best enables it to answer the question posed: whether any condition or combination of conditions will reasonably assure the safety of any other person and the community? To that end, it is worthwhile recalling Congress' intent in 1984 when it enacted the current version of the Bail Reform Act:

> Many of the changes in the Bail Reform Act reflect the . . . determination that Federal bail laws must . . . give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released. . . . The constraints of the Bail Reform Act fail to grant the Courts the authority to impose conditions of release geared toward assuring community safety, or the authority to deny release to those defendants who pose an especially grave risk to the safety of the community. . . . ***This broad base of support for giving judges the authority to weigh risks to community safety in pretrial release decisions is a reflection of the deep public concern, which the Committee shares, about the growing problem of crimes committed by persons on release.***

See S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S.Code Cong. & Ad.News 3182, 3486-3487. (Emphasis added.)[1]

---

[1] The Court must always consider whether defendant's release is a danger to the community. This point is made throughout the Bail Reform Act. Section 3142(e), which authorizes detention without bail pending trial, which reads:
> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required ***and the safety of any other person and the community***, such judicial officer ***shall order*** the detention of the person before trial.

3

8.      No condition of release nor combination of them can ensure that this defendant will not pose a danger to the community if released. This is based first upon the presumption to that effect written into the Bail Reform Act. 18 U.S.C. § 3142(e) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions of release will reasonably assure the . . . safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."). This presumption, triggered by indictment, is reinforced overwhelmingly by the facts of the case.

---

Emphasis added. Similarly, § 3142(f) reads:
> The judicial officer shall hold a hearing to determine whether any condition of combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person *and the safety of any other person and the community* –
>> (1) upon motion of the attorney for the Government, in a case that involves,
>>> (C) an offense for which a maximum term of imprisonment
>> of ten years or more is prescribed in the Controlled Substances Act
>> (21 U.S.C. § 801 *et seq.*) . . .

Emphasis added. This point is again made in § 3142(g), **Factors to be considered**, which states:
> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required *and the safety of any other person and the community*, take into account the available information concerning –
>> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>> (2) the weight of the evidence against the person;
>> (3) the history and characteristics of the person . . .
>> (4) *the nature and seriousness of the danger to any person or the community that would be posed by the person's release.* . . .

(Emphasis added.)

4

**WHEREFORE**, the United States respectfully prays this Honorable Court to convene a hearing to review the decision to release them, and to order instead that they be held without bond pending trial.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

JOCELYN S. BALLANTINE
ASSISTANT UNITED STATES ATTORNEY
Member California Bar
555 4th Street, N.W., Room
Washington, DC 20530